BOLIN, Judge.
From judgment awarding plaintiff compensation for total and permanent disability under Louisiana Revised Statutes 23 :- 1221(2) defendant appeals. Plaintiff answers seeking to have the weekly rate increased from $19.50 to $21.26.
Plaintiff was employed by the Logans-port Locker Plant which was and is owned and operated by the DeSoto Parish School Board. The employee claims that while aiding in the slaughtering of a cow on September 10, 1963, he accidently slipped and injured his back. There is no dispute as to the employment or' its hazardous nature. The principal contest is limited to whether plaintiff suffered accidental injury and, if he did, the nature and severity of such injury. The secondary issue concerns the determination of plaintiff’s daily rate of pay.
The trial judge has favored this court with an excellent written opinion in which he accurately sets forth the facts in detail and comments upon the testimony of the numerous expert and lay witnesses. Based on the testimony of these witnesses the lower court concluded Barnes suffered an injury during the course and scope of his employment which injury aggravated a preexisting diseased or degenerative condition of plaintiff’s back totally disabling him to perform the same or similar duties as he was performing at the time he was hurt.
Counsel for appellant has written an exhaustive brief and has forcefully argued his case before this court. We do not intend to minimize the importance of this litigation, but we consider the question of liability to be entirely factual and further that it was correctly decided by the trial court. We think a restatement of the lower court’s opinion would be an unnecessary addition to the already voluminous published reports of Louisiana appellate decisions.
There is a serious legal question presented as to the rate of compensation due the injured employee. At the beginning of the trial the following stipulation was dictated into the transcript of testimony:
“It is stipulated that the plaintiff waa employed by the DeSoto Parish School Board at a weekly wage of Thirty Dollars ($30.00) for a five and one-half day week.”
Although plaintiff’s petition alleges different facts relative to wages, the stipulation superseded the pleadings and became-the sole basis for fixing the compensation-rate.
The trial judge reasoned that plaintiff's daily wage under Louisiana Revised: Statutes 23:1021(11) was $5.00 because it was so alleged in plaintiff’s petition. Recognizing the rule, well established by our-jurisprudence, that an employee is entitled: to have the rate based on a six day work week, the trial judge concluded plaintiff’s weekly wages were $30.00 and his compensation rate was $19.50.
We think the Supreme Court in Carrington v. Consolidated Underwriters, 230 La. 939, 89 So.2d 399 (1956) established the proper method of arriving at an employee’s, daily wage in a workmen’s compensation case. There claimant was injured in a. sawmill which operated regularly on a five day work week. The Court of Appeal held his weekly wage should be calculated on a five day work week. This ruling was reversed by the Supreme Court which pointed out the weekly wage is to be ascertained by multiplying the daily wage by- *468 six. In order to avoid any misunderstanding of its original holding in the Carring-ton case, the court had this to say in a per curiam after its refusal to grant a rehearing:
Counsel for the defendant has requested that we clarify our interpretation of LSA — R.S. 23 ¡1021(11) by granting a rehearing, or, in the alternative, by issuing a per curiam in this case. Although we thought we had made ourselves clear, we shall nevertheless explain the extent of our decree.
* * * * * *
"After determining an employee’s daily wage, the six day week is to be employed in calculating his weekly wage. If he is injured, he is deprived of this ability to work six days per week, and remuneration is awarded him for this deprivation. This test must be applied regardless of the number of days he works for the particular employer, by whom he is employed at the time of his injury.”
* * * * * *
The Carrington case has been cited with approval in numerous cases since its rendition. See also Malone, Louisiana Workmen’s Compensation Law and Practice, 1964 Supp. Sec. 323.
Applying the rule enunciated above to the facts of this case, we find plaintiff was paid $30.00 for working five and one-half days or a daily wage of $5.45. On the basis of a six day work week his weekly wage would be $32.70, sixty-five percent of which amounts to a weekly compensation rate of $21.26.
The lower court erroneously cast the DeSoto Parish School Board for the entire court cost of the suit contrary to Louisiana Revised Statutes 13 ¡4521 which limits such liability to the stenographer’s fees for taking the testimony.
For the reasons assigned the judgment appealed from is amended so as to increase the compensation payments from $19.50 to $21.26 per week and to cast defendant for only such costs as it is obligated by law to pay. As thus amended the judgment appealed from is affirmed.
Amended and affirmed.